UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DR. RAVI CHANDER, ) | |
| KAVITA CHANDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:08-CV-196 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| WHITESCIENCE WORLD WIDE, ) | |
| LLC, and BRANDON J. SMITH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Before the Court is a motion to dismiss for improper venue or, in the alternative, to transfer venue, filed by Defendant WhiteScience World Wide, LLC ("Defendant" or "WhiteScience") (Court File No. 3) and a memorandum in support (Court File No. 4). Plaintiffs Ravi Chander and Kavita Chander filed a response (Court File No. 5); however, the response was filed two months after the motion to dismiss. This Court's Local Rules require that "the answering brief . . . shall be served and filed no later than 10 days after the service of the opening brief, except that parties shall have 20 days in which to respond to dispositive motions." E.D.TN. LR 7.1(a). Plaintiffs did not request an extension of time to file, nor did they offer an explanation for the delay. Moreover, Defendant filed a reply brief in which it correctly pointed out Plaintiffs' lack of timeliness and asked the Court to strike Plaintiffs' filing (Court File No. 6). Thus, the Court must treat Plaintiffs' response as untimely and will not consider it. For the following reasons, the Court will **GRANT** Defendant's motion to dismiss for improper venue (Court File No. 3).

I.    **BACKGROUND**

Plaintiffs originally filed this case in the Chancery Court of Hamilton County, Tennessee. Plaintiffs (residents of Chattanooga, Tennessee) allege they entered into a contract with Defendant (a Georgia limited liability company with its principal place of business in Georgia) to sell Defendant's products and services at a kiosk in the King of Prussia Mall, Montgomery County, Pennsylvania. They further allege misrepresentations by Defendant's personnel—Tamara Burch, Ron Topper, and Brandon Smith—in overstating past sales figures for the mall kiosk, failing to provide information necessary to operate the business's computer equipment, missing inventory, and wrongfully depositing proceeds from kiosk sales transactions (Compl. ¶ 9), leading to Plaintiffs' financial loss (*id.* ¶ 10). Plaintiffs brought claims under the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104(a), 47-18-104(b)(27), praying for damages resulting from Defendant's alleged misrepresentations, treble damages, and disgorgement of ill-gotten gains (Compl. ¶¶ 11–12).

Defendant properly removed the action to this court on August 18, 2008, based on diversity of citizenship (Court File No. 1). 28 U.S.C. §§ 1332, 1441, 1446. Four days later, this motion to dismiss followed (Court File No. 3).

**II.    STANDARD OF REVIEW**

Defendant moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (citations omitted). The court of

appeals reviews the Court's determination of whether venue is proper de novo. *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 533 (6th Cir. 2002). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court [pursuant to 28 U.S.C. § 1406]."[1] *Audi AG & Volkswagen*, 204 F. Supp. 2d at 1017. The court of appeals reviews this exercise of discretion for abuse. *Kerobo*, 285 F.3d at 533.

### III. DISCUSSION

Defendant argues venue was improper in this court and that a more appropriate forum would have been the Northern District of Georgia, the Eastern District of Pennsylvania, or the District of New Jersey. In the alternative, Defendant argues the case should be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Federal court venue in a diversity case is governed by 28 U.S.C. § 1391(a):

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Additionally, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c).

Here, the Court examines each of the § 1391(a) factors in turn. First, none of WhiteScience,

---

[1] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Burch, Topper, or Smith reside in Tennessee. Plaintiffs' complaint alleges WhiteScience is a Georgia limited liability company with a Georgia address (Compl ¶ 2). Venue over WhiteScience may be proper in New Jersey as well, if it conducts significant business there to be subject to personal jurisdiction. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir.2007). In any case, there is no suggestion of WhiteScience's transacting any significant business in Tennessee. Defendant Smith is alleged to be a WhiteScience sales manager located in New Jersey (Compl. ¶ 3), and again, there is no suggestion he resides in Tennessee. Thus, neither of the named defendants reside in this Court's judicial district.

Second, Plaintiffs allege they corresponded with WhiteScience employees who were located in Georgia, New Jersey, and Pennsylvania in preparing for their kiosk business at the King of Prussia Mall (Compl ¶¶ 5–8 & Ex. B). There is no allegation those employees were located in Tennessee or that the communications took place in Tennessee (except, perhaps, to the extent Plaintiffs read emails or answered phone calls at their Tennessee residence). Even if the communications did take place in Tennessee and led to a contractual relationship between Plaintiffs and Defendant, mere contract formation in a particular state is insufficient to establish venue. *See, e.g.*, *Schmidt v. Lowitz*, 2006 WL 2660637, at *3 (N.D. Ohio Sept. 15, 2006). Additionally, the kiosk at issue is located in Pennsylvania, and the funds Plaintiffs paid to Defendant are located in Georgia (Compl. ¶ 2; Def.'s Pet. for Removal ¶ 4). On the facts as pleaded by Plaintiffs, then, the Court cannot agree that "a substantial part of the events or omissions giving rise to the claim" or "a substantial part of property that is the subject of the action" are located in the Eastern District of Tennessee.

Third and finally, there are other judicial districts in which this action could be brought.

4

Defendant has suggested that the Northern District of Georgia, the Eastern District of Pennsylvania, or the District of New Jersey could hear this case (Court File No. 4, at 5). As such, clause (3) of § 1391 is inapplicable because there are other districts available where Plaintiffs may bring their action.

Thus, the Court must conclude that venue for this case is improper in the Eastern District of Tennessee under 28 U.S.C. § 1391. Because it can decide Defendant's motion on this ground, the Court will not address Defendant's alternative ground for transfer of venue. Also, because Plaintiffs' untimely-filed brief concedes § 1391 is the controlling legal authority on the question of venue in federal diversity actions, the brief would not have affected this case's outcome even if it had been timely filed and the Court had considered it on the merits. Importantly, the Court's decision does not altogether deprive Plaintiffs of a forum. Plaintiffs are free to re-file their action in another court where venue is appropriate. Emphatically, however, venue is inappropriate in this Court.

**IV.  CONCLUSION**

For the foregoing reasons, venue for this action is improper in the Eastern District of Tennessee. Accordingly, the Court will **GRANT** Defendant's motion and will **DISMISS** Plaintiffs' action without prejudice to re-file in another venue.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

5